PER CURIAM:
The claimant brought this action for damage to a 1994 Chevrolet S-10 pickup truck, which occurred after the vehicle encountered loose gravel on a road maintained by the respondent in Greenbrier County.
The incident giving rise to this claim occurred on or about July 17, 1998, at approximately 2:30 a.m., on Brownstown Road. The claimant, a cross-country truck driver, had left his truck in Mt. Airy, NC, and was driving his personal vehicle to his home in Renick. The claimant had driven approximately nine hours on a shift and four hours on the way home. Brownstown Road in this area is a one-lane, tar-and-chip road that is second priority in terms of maintenance. The weather was clear, warm and dry. The evidence adduced at hearing was that as the claimant proceeded around a turn, he encountered an area where the respondent had spread an amount of gravel on the road where tar had been oozing up onto the road surface. The claimant lost control of the vehicle, which slid into a ditch and hit a rock. The vehicle sustained damage to the front driver’s side bumper, fender, grille and wheel well. The Court took a view of the vehicle, and notes that the damage was extensive. The claimant submitted into evidence a repair estimate in the amount of $1,573.15. The claimant had liability insurance only.
The claimant testified that he was traveling at approximately 30 miles per hour and that there were no signs warning of loose gravel. The evidence established that the respondent had been engaged in shoulder work on the road and had installed signs warning of loose gravel. This work was completed on or about June 30, 1998. The respondent’s evidence was that the warning signs had been stolen. At some time thereafter, the respondent spread gravel on the area of the road in question in response to a complaint that tar had been oozing up on the surface during hot *161 weather. The evidence indicates that no “Loose Gravel” signs were put up at that time.
It is well established that the State is neither an insurer nor a guarantor of the safety of motorists upon its roads. Adkins vs. Sims, 46 S.E.2d 81 (W.Va. 1947) In order to hold the respondent liable for road defects of this nature, the claimant must prove that the respondent had actual or constructive notice. Pritt vs. Dept. of Highways, 16 Ct. Cl. 8 (1985), Hamon vs. Dept. of Highways, 16 Ct. Cl. 127 (1986).
The Court, after review of the record, is of the opinion that the respondent had reason to know that loose gravel on this road without any warning signs presented a significant risk of harm to traveling motorists. Therefore, the Court finds that the claimant is entitled to an award. However, the Court is also of the opinion that the claimant’s failure properly to maintain control of his vehicle was a contributing factor and that the claimant was 33 percent at fault. Therefore, in accordance with the established principles of comparative negligence, the Court does hereby make an award in the amount of $1,054.01.
Award of $1,054.01.